UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY GARDNER,

    Plaintiff,

v.

TIMBER RIDGE WYOMING
APTS, LLC, STERLING GROUP, INC.,
BERKADIA COMMERCIAL MORTGAGE LLC,
and LAKE CITY BANK,

    Defendants.
_____/

Case No. 1:23-cv-869

Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Ashley Gardner regarding her security deposit at an apartment complex.[1]  For the reasons set forth below, this complaint should be dismissed.

    **I.**    **Discussion**

    **A.**    **Complaint**

In an earlier case involving the same subject matter filed on August 14, 2023, *Ashley Gardner v. Timber Ridge Wyoming Apts, LLC*, 1:23-cv-850 ("Case 850"), plaintiff filed a one-sentence complaint, "Timber Ridge Wyoming Apt LLC used my security fraudulently." Case 850 (Compl. ECF No. 1, PageID.4).  In that case, plaintiff sought $75,000.00 for damages and emotional distress.

---

[1] Ashley Gardner is a serial filer of *pro se* lawsuits in federal court, having filed five lawsuits this year, with four of those filed between July 31, 2023 and August 17, 2023: *Gardner v. Capital One*, 1:23-cv-33; *Gardner v. Tapley et al.*, 1:23-cv-810; *Gardner v. Timber Ridge Wyoming Apts, LLC*, 1:23-cv-850; *Gardner v. CMG Financial et al.*, 1:23-cv-864; and, *Gardner v. Timber Ridge Wyoming Apartments LLC et al.*, 1:23-cv-869.

In the present case, filed three days later on August 17, 2023, plaintiff identified herself as a resident of Michigan and seeks to establish diversity jurisdiction against defendants pursuant to 28 U.S.C. § 1332 which provides that:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States[.]

28 U.S.C. § 1332(a)(1).  In addition, 28 U.S.C. § 1332(c)(1) provides that, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"

As in Case 850, plaintiff sued defendant Timber Ridge Wyoming Apts, LLC ("Timber Ridge").  In Case 850, plaintiff identified defendant Timber Ridge as having a mailing address in Farmington Hills, Michigan, with incorporation under the laws of "Michigan/Delaware", and with its principal place of business in Michigan. Case 850 (Compl. at PageID.2, 4).  In the present case, plaintiff identified Timber Ridge as having a mailing address in Mishawaka, Indiana with incorporation in both Michigan and Delaware.  Compl. at PageID.4.  Notably, plaintiff omitted Timber Ridge's principal place of business (Michigan).  Plaintiff also added three new defendants: Sterling Group, Inc. listing a mailing address in Mishawaka, Indiana; Berkadia Commercial Mortgage LLC listing a mailing address in Amber, Pennsylvania; and Lake City Bank listing a mailing address in Warsaw, Indiana.  Compl. at PageID.2.

Plaintiff contends that she has met the $75,000.00 threshold for a diversity case because:

> Timber Ridge Wyoming Apt LLC accepted a security [sic] from me on 3/13/2023 and then proceeded to fraudulently use the security without my permission and brought forth an action while still in possession of said security.

*Id*. at PageID.4.

Plaintiff's present complaint includes a three-sentence claim:

> Timber Ridge Wyoming Apts LLC is owned and managed by Sterling Group Inc.  Berkadia Commercial Mortgage LLC is the grantor of Sterling Group Inc [sic] and Lake City Bank holds all securities [sic] for Timber Ridge Wyoming Apts LLC. They have all benefited from my security [sic].

*Id*.  For her relief, plaintiff stated:

> I am seeking damages for the misuse of my security, financial loss, emotional distress and for illegal court actions brought against me.  I am seeking 100,000 for the illegal use of my security, 100,000 for transferring my security w/o rights, and 50,000 for emotional distress for Timber Ridge Wyoming Apt LLC causing my life to be endangered while also in possession of my security.

*Id*.

Plaintiff included two exhibits with her present complaint.  Plaintiff attached "Page 1 of 8" of an "Apartment Lease Contract" with Timber Ridge Wyoming Apartments, LLC, which identifies the leased property as Apartment No. 4390-11 at 4390 Timber Ridge Trail SW #11 in Wyoming, Michigan, 49519, and the lease period as March 17, 2023, through March 16, 2024. Lease (ECF No. 1-1, PageID.9).  The Lease references a security deposit in the amount of $1,100.00 to be held at Lake City Bank, a monthly rent of $1,649.00, and a prorated rent for the first month of $797.90.  *Id*.

Plaintiff also attached a copy of a "Complaint Nonpayment of Rent Landlord-Tenant" filed in Michigan's 62A District Court on or about July 17, 2023 as Case No. 23-0915LT. Complaint (ECF No. 1-1, PageID.10).  The complaint identifies the defendant as "Ashley Gardner and all other occupants 4390 Timber Ridge Trail Apt 11 Wyoming, MI 49519," states that rent is payable on the first of each month, that rent is paid through June 30, 2023, and that the total rent due is $1,771.00, "Plus any accrued damages through Judgment date & court costs."  *Id*.

3

### B. Lack of jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332 (diversity of citizenship jurisdiction). *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 513 (2006).

As discussed, plaintiff relies on diversity of citizenship under § 1332(a)(1). Under § 1332, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

> A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, "the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir. 1999). Because a corporation is considered a citizen of both its place of incorporation and its principal place of business, *see* 28 U.S.C. § 1332(c)(1), a plaintiff attempting to invoke diversity jurisdiction when suing a corporation must allege both the corporation's state of incorporation and its principal place of business. *Acwoo Intern. Steel Corp. v. Toko Kaiun Kaish, Ltd.*, 840 F.2d 1284, 1290 (6th Cir. 1988).

*Vaughn v. Holiday Inn Cleveland Coliseum*, 56 Fed. Appx. 249, 250 (6th Cir. 2003).

Here, plaintiff has failed to establish complete diversity among the parties as required under § 1332. Plaintiff is a citizen of Michigan. Compl. at PageID.3. Plaintiff only listed the citizenship of one defendant, Timber Ridge, which is incorporated under the laws of Michigan and Delaware. *Id*. at PageID.4. This alone defeats complete diversity. In addition, plaintiff did not fully address the issue of diversity, because she omitted alleging Timber Ridge's "principal place of business." *Id*. Based on plaintiff's submission, Timber Ridge has a presence in Michigan

4

because it operates or manages the apartment complex at issue in Wyoming Michigan. This would be consistent with plaintiff's allegation in Case 850 that Timber Ridge's principal place of business is in Michigan. Furthermore, plaintiff has failed to allege either the place of incorporation or the principal place of business for the three other defendants: Sterling Group, Inc.; Berkadia Commercial Mortgage LLC; and Lake City Bank. *See Vaughn*, 56 Fed. Appx. at 250. For all of these reasons, plaintiff's complaint should be dismissed for lack of diversity jurisdiction.

Moreover, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Here, plaintiff's three-sentence claim is attenuated, unsubstantial, and devoid of merit. Her cursory complaint did not set out any facts related to defendants' alleged taking of her security deposit. For all of these reasons, this action should be dismissed for lack of jurisdiction.

### C. Failure to state a claim

Next, the complaint does not state a claim against defendants. The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought in forma pauperis "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Under this standard, a complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Here, plaintiff's complaint does not set forth any facts to allege the violation of any federal law, federal constitutional right, or state law related to her security deposit. Plaintiff's cursory claim is nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" that defendant Timber Ridge took her security deposit and that the other three defendants benefited from that action. Such an accusation is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Furthermore, this complaint appears to be a second lawsuit filed for the same alleged wrongful conduct, *i.e.*, Timber Ridge wrongfully took her security deposit. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated: August 30, 2023                              /s/ Ray Kent
                                                    RAY KENT
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).