UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY GARDNER,

    Plaintiff,

v.

TIMBER RIDGE WYOMING
APARTMENTS LLC, et al.,

    Defendants.
_____/

Case No. 1:23-cv-869

Hon. Hala Y. Jarbou

## ORDER

On August 30, 2023, Magistrate Judge Ray Kent issued a Report and Recommendation (R&R) recommending that Plaintiff's complaint be dismissed (ECF No. 7). The R&R was duly served on the parties. No objections have been filed, and the deadline for doing so expired on September 13, 2023. On review, the Court concludes that the R&R reaches the correct outcome, though the Court disagrees with some of its analysis.

Plaintiff brings her action in this Court under diversity jurisdiction. The magistrate judge concluded that the Court does not have jurisdiction under 28 U.S.C. § 1332 because Defendant Timber Ridge Wyoming Apartments LLC ("Timber Ridge") "is incorporated under the laws of Michigan and Delaware." (R&R 4.) Also, Timber Ridge purportedly has its principal place of business in Michigan. Thus, according to the magistrate judge, Timber Ridge is a citizen of Michigan. Because Plaintiff is also a citizen of Michigan, Timber Ridge's citizenship defeats diversity jurisdiction, which requires complete diversity of the parties. The magistrate judge also noted that Plaintiff failed to allege the citizenship of the other defendants.

There is a flaw in the magistrate judge's logic. The citizenship of a limited liability company like Timber Ridge is not determined by its place of incorporation or its principal place of business. Instead, such an entity "has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Thus, Timber Ridge might not be a citizen of Michigan if none of its members are Michigan citizens.

Nevertheless, the magistrate judge was correct to recommend dismissal because Plaintiff has not met her burden to allege facts to support diversity jurisdiction. For a limited liability company, "the court needs to know the citizenship of each member of the company." *Id.* Plaintiff has not identified the members of Timber Ridge, let alone their citizenships.

In addition, Plaintiff has not alleged any facts from which to determine the citizenship of the other defendants, Sterling Group, Inc., Berkadia Commercial Mortgage LLC, and Lake City Bank. Without such allegations, dismissal is appropriate because Plaintiff has not established that the Court has jurisdiction over her dispute. *See Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003) (affirming dismissal of complaint that failed to allege facts to support diversity jurisdiction). Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 7) is **APPROVED IN PART** and **REJECTED IN PART** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the R&R is **REJECTED** insofar as it concludes that Defendant Timber Ridge's incorporation in Michigan or principal place of business in Michigan defeats diversity jurisdiction. In all other respects, the R&R is **APPROVED**.

A judgment will enter in accordance with this order.

Dated: September 18, 2023               /s/Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE